UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 05-61173-CIV-UNGARO-BENAGES

STEPHANIE PANIS,
    Plaintiff,

v.

GREEN TREE SERVICING, LLC, et al.,
    Defendants.
_____/

### ORDER DENYING DEFENDANT GREEN TREE SERVICING LLC'S MOTION FOR SUMMARY JUDGMENT AND ORDER OF DISMISSAL WITHOUT PREJUDICE

THIS CAUSE is before the Court upon Defendant, Green Tree Servicing, LLC f/k/a Conseco Financing Servicing Corp., f/k/a Green Tree Financial Servicing Corporation's ("Green Tree Servicing") Motion for Summary Judgment on their Counterclaim against Plaintiff, filed August 18, 2006 (DE 61). The Plaintiff has failed to file a timely response to the motion in accordance with S.D. Fla. Local Rule 7.1 (C). The motion is now ripe for adjudication.

THE COURT has considered the motion and the pertinent portions of the record and is otherwise fully advised in the premises. The Court should grant a motion for summary judgment only if "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of showing the Court, by reference to materials on file that there are no genuine issues of material fact that should be decided at trial. *Celotex Corp. v. Catrell*, 477 U.S. 317 (1986). A moving party discharges its burden on a motion for summary judgment by showing the Court that there is an absence of evidence to support the non-moving party's case.

*Id.* at 325. When the non-moving party fails to oppose the moving party's statement of material facts, they will be deemed admitted provided the Court finds that the statement is supported by evidence in the record. S.D. Fla. L. R. 7.5 (D).

Green Tree Servicing argues that it is entitled to summary judgment on its counterclaim for breach of contract because when Plaintiff failed to pay its monthly payment on March 10, 2001, it became entitled to declare all amounts and obligations immediately due and owing. Also Green Tree Servicing argues it is entitled to attorney's fees and costs. In support of its motion, Green Tree Servicing filed the affidavit of Cameron Wood, the Regional Manager, who reviewed corporate records related to the facts of the case. The record demonstrates that Plaintiff Stephanie Panis and nonparty Germaine Haeck, as borrowers, executed a Manufactured Home Retail Installment Contract and Security Agreement (the "Retail Installment Contract") in favor of For Sale Mobile Homes, Inc. (the "Dealer") on March 31, 1997. *Def.'s Mot., Ex. A, Wood Aff.* ¶ 3. The Dealer then assigned the Retail Installment Contract to Green Tree Servicing. *Id.* ¶ 3, 4. Plaintiff defaulted on the Retail Installment Contract by failing to make the monthly payment due on March 10, 2001 and all subsequent payments. *Id.* ¶ 5. These facts are uncontroverted and supported by evidence in the record, therefore they are admitted.

The Retail Installment Contract defines default and sets forth its consequences in the following manner:

> 10. DEFAULT: I will be in default if [ ] I do not make a payment on time. . . . You will give me notice of the default except when I voluntarily surrender or abandon the Manufactured Home. I will have the right to cure the default during the notice period. If I do not cure the default, you may do either or both of the following: (a) Acceleration: You can require me to immediately pay you the entire remaining balance of this Contract; and/or (b) Repossession: You can repossess the Manufactured Home...

> 11. NOTICE: Except for any notice required under applicable law to be given in another manner, (a) any notice to me provided for in this Contract shall be given in writing by mailing such notice by certified mail, addressed to me at the Manufactured Home address or at such other address as I may designate by notice to you in writing, and (b) any notice to you shall be given in writing by certified mail, return receipt requested, to your address stated herein or to such other address as you may designate by notice to me in writing.
>
> 12. ATTORNEY'S FEES: If you hire an attorney who is not a salaried employee to collect what I owe under this Contract or to get possession of the Manufactured Home or to enforce my agreements herein, I may be required to pay your reasonable attorney's fees plus court costs and actual out-of-pocket expenses. If state law provided for a limit on attorney's fees, I will pay only the legal limit.

*Def.'s Mot., Ex. A, Retail Installment Contract* ¶ 10, 11, 12. Per the terms, Plaintiff was entitled to receive notice of the default and the opportunity to cure it before acceleration of the balance owed. Green Tree Servicing has not presented evidence that it provided notice to Plaintiff. Such notice is a predicate to acceleration of the debt by the contract's terms. Therefore, Green Tree Servicing has failed to meet its initial burden and summary judgment is inappropriate in this case.

Additionally, this breach of contract dispute is before the Court on the basis of supplemental jurisdiction. On August 14, 2006, the Court dismissed Plaintiff's claims (DE 57). Having dismissed all claims over which it had original jurisdiction, the Court declines to exercise supplemental jurisdiction over the remaining counterclaim. 28 U.S.C. § 1367(c)(3). Accordingly, the breach of contract claim will be dismissed without prejudice. The Court notes that pursuant to 28 U.S.C. § 1367(d) the applicable statute of limitations is automatically tolled for at least 30 days so as to allow the state law claim to be refiled in state court. It is hereby

ORDERED AND ADJUDGED that Green Tree Servicing's Motion for Summary Judgment is DENIED. It is further

ORDERED AND ADJUDGED that Defendant's Counterclaim is DISMISSED WITHOUT PREJUDICE.

DONE AND ORDERED in Chambers at Miami, Florida, this __11__ day of October, 2006.

*[signature]*

URSULA UNGARO-BENAGES
UNITED STATES DISTRICT JUDGE

copies provided:
Counsel of record
Stephanie Panis, *pro se*